### DEVEREUX v. TAFT.

1. A mechanics' lien was entered against property upon which rested the lien of an older mortgage. Subsequently the mortgage was assigned to a stranger, who thereafter became the purchaser of the property at a tax sale and took tax titles. *Held,* that the purchase at a tax sale by the assignee of the mortgage extinguished the mortgage debt, and the mechanics' lien remained as the only lien upon this property in the hands of its purchaser.
2. Amounts paid by the mortgagee for taxes and insurance on the property have not a priority over the mechanics' lien; for, even if the mortgage debt had not been extinguished by the purchase, there was no provision in the mortgage securing such payments by its lien.
3. Accounts secured by mechanics' lien are like other open accounts, unliquidated, and do not bear interest.

Before WALLACE, J., Charleston, June, 1883.

This was an action by John H. Devereux against C. C. Bowen, executor of Susan P. Bowen, to enforce a mechanics' lien. After the death of C. C. Bowen it was revived and continued against W. N. Taft, in his own right and as administrator with the will annexed of Susan P. Bowen, G. W. Dingle, administrator of C. C. Bowen, and Mrs. Mary Taft. The case was referred to the master, W. D. Clancy, Esq., to inquire and report upon the issues of law and fact involved, with leave to report any special matter. He made reports, as stated in the opinion of this court, in April and June, 1883, to which, *inter alia,* the following exceptions were taken by the plaintiff:

3. Because the master erred, in that he should have found that W. N. Taft, the assignee of the said mortgage, having purchased the mortgaged premises at a tax sale, thereby merged the mortgage in the fee and extinguished the lien thereof.

6. Because the master erred in recommending that the said W. N. Taft be refunded all amounts expended by him for taxes and insurance on the premises before the debt he reports due to J. H. Devereux be paid.

7. Because the master erred in ruling that the plaintiff was

not entitled to recover interest on the balance due him, the subject of mechanics' lien.

The master's report was confirmed by the Circuit judge, and from his decree plaintiff appealed to this court " upon the exceptions heretofore filed to the report of Master Clancy." Other matters are stated in the opinion.

*Mr. L. DeB. McCrady,* for appellant.

By his purchase at tax sale, Taft has extinguished his lien.  1 *Jones Mort.,* §§ 680, 711, 715 ; *Tax Act of* 1874, § 9 ; 1 *McCord* 400 ; *Bailey Eq.* 338 ; 6 *Rich. Eq.* 343 ; 9 *Id.* 53 ; 6 *S. C.* 316. Passages may be cited from Jones on Mortgages to show that there is no merger in such a case, but the authorities upon which he bases his text are from States which adhere to the old common law mortgage.  See 1 *Jones Mort.,* § 873.  In this State a mortgage is a lien and not an estate.  His purchase, however, did not discharge the mechanics' lien.  *Tax Act of* 1874, § 99. Taft cannot be re-imbursed for taxes and insurance ; the mortgage did not provide for such payments, and he paid either as volunteer or owner.  Plaintiff having been kept out of money, for which he holds a lien, he is entitled to interest.  2 *Spears* 536.

*Mr. E. McCrady, Jr.,* same side.

*Mr. B. J. Whaley,* contra.

There can be no merger when there is an intervening lien or estate which would be paid to the detriment of him whose rights are merged.  16 *S. C.* 330 ; 1 *Jones Mort.,* §§ 848, 857, 870–873. The taxes and insurance were necessary to save the security. There can be no interest on plaintiff's demand.  It is not an account stated ; it has always been disputed, and the amount in doubt.  The lien, having been filed after Mrs. Susan Bowen's death, conferred no specific lien.  *Chic. L. N.,* June 30th, 1883. The mechanics' lien was waived as to this mortgage, for the mortgage was given to secure money advanced to pay plaintiff.  *Crooks* v. *Finney, S. C. Ohio,* 1883.

March 13th, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. Between September 4th, 1873, and December 11th, 1875, the plaintiff entered into a verbal contract with C. C. Bowen (now deceased), as the agent of his wife, Susan P. Bowen (now also deceased), to furnish the materials and erect a dwelling-house for her on a lot situate on Sullivan's Island. On December 11th, 1875, Susan P. Bowen died testate and C. C. Bowen duly qualified as executor of her will. On February 21st, 1876, the plaintiff, within ninety days after the completion of the work contracted to be done, filed in the clerk's office of the Court of Common Pleas for Charleston county a statement of the balance claimed to be due, with a notice of claim of lien on said building, under the provisions of the statute in such case made and provided.

On June 20th, 1874, Susan P. Bowen executed her promissory note to the plaintiff, payable six months after date, for the sum of $3,000, and to secure the payment thereof executed to the plaintiff, on the same day, a mortgage on the premises upon which the mechanics' lien was claimed. On the same day the plaintiff duly indorsed said note and had the same discounted by one Andrew Simonds, and at the same time assigned the mortgage to said Simonds. At the maturity of this note, to wit, on December 23d, 1874, it was retired by the execution of a renewal of the same, for the same amount, no payments having at that time been made. On June 3d, 1881, Simonds, for valuable consideration, sold the note to the defendant, W. N. Taft, and duly assigned to him the said mortgage; W. N. Taft became the purchaser at tax sale of the premises in question, and holds two tax titles therefor, one dated November 9th, 1881, and the other October 20th, 1882.

In the meantime, C. C. Bowen died intestate, to wit, on June 23d, 1880, leaving as his heirs-at-law, his widow, Mary Bowen, and one child, who has subsequently died; and letters of administration upon his estate have been duly granted to the defendant, G. W. Dingle. Subsequently, the widow of C. C. Bowen intermarried with the defendant, W. N. Taft, and on the ―― day of ―――, 1882, letters of administration *de bonis non* with the will

annexed upon the estate of Susan P. Bowen, were duly granted to said Taft.

The main question presented by this appeal is, Which is entitled to the prior lien upon the premises in question, the mortgage now held by the defendant, Taft, as assignee, or the mechanics' lien in favor of the plaintiff? The Circuit judge held that the mortgage was entitled to priority, and ordered the premises sold and the proceeds applied, first, to the payment of the costs of this suit and the sale, next to the mortgage debt held by Taft, and to certain amounts paid by him for taxes and insurance on the property, and then to the debt of the plaintiff secured by the mechanics' lien; and if any balance should remain, that it be paid to the administrator of Susan P. Bowen, to be administered according to law. From this judgment the plaintiff appeals, upon several grounds set out in the "Case," but, from the view which we take, it will only be necessary to consider the third, sixth, and what may be called the seventh ground, though it is not so numbered, for, under our view, the other questions will not arise.

The point made by the third ground is, that the purchase of the mortgaged premises at a tax sale, by W. N. Taft, who was at that time the assignee and holder of the mortgage, and therefore, in reality, the mortgagee, extinguished the mortgage debt. The position is, we think, fully sustained by the authorities in this State. *Schnell* v. *Schroder, Bailey Eq.* 334; *McLure, Brawley & Co.* v. *Wheeler,* 6 *Rich. Eq.* 343; *Allen* v. *Richardson,* 9 *Rich. Eq.* 53. In *Schnell* v. *Schroder, Bailey Eq.,* Boyer held a bond of Schroder, secured by a mortgage on a lot of land, which was sold under a judgment junior to the mortgage and bought by Boyer. *Held,* that his mortgage debt was thereby extinguished. Johnson, J., in delivering the opinion of the court, said: "Boyer had, unquestionably, the right to buy and Schroder to sell and release his equity of redemption; and whether he sells, or it is sold under legal authority, the legal consequences are precisely the same."

In *McLure, Brawley & Co.* v. *Wheeler,* the mortgagee purchased the mortgaged property under a judgment recovered on one of the notes which his mortgage was given to secure, and it

was held that the mortgage debt was thereby extinguished, and that he was liable to account for certain notes placed in his hands as collateral security for the mortgage debt. In *Allen* v. *Richardson*, the same doctrine was applied in the case of one who held a statutory lien under proceedings for partition. Wardlaw, Ch., in that case said : " I conclude that a statutory mortgagee who buys the estate under mortgage, not under process of foreclosure of his lien, extinguishes the debt or claim, with lien on the land." The authority of these cases is recognized in *Edwards* v. *Sanders*, 6 *S. C.* 334, and again in *Trimmier* v. *Vise*, 17 *S. C.* 500.

The reason upon which this doctrine is founded, applies with equal force to a purchase at a tax sale, as well as to a purchase directly from the mortgagor, or under an execution. In fact, to use the language of Wardlaw, Ch., *supra*, a mortgagee who purchases the mortgaged property at any sale, " not under process of foreclosure of his lien," extinguishes his debt and, of course, the lien of his mortgage also. Applying this doctrine to the case in hand, it seems to us that when Taft, the mortgagee, purchased the mortgaged property at the tax sale, as it is admitted that he did do, he thereby extinguished not only the lien of his mortgage, but also the debt which it was given to secure, and that the only remaining lien on the premises was the mechanics' lien in favor of the plaintiff; and that his purchase at the tax sale was subject to such lien. *Act of March 19th*, 1874, § 99, 15 *Stat.* 767.

The sixth ground alleges error on the part of the Circuit judge, in ordering the payment of the taxes and insurance paid by Taft in preference to the debt of the plaintiff secured by the mechanics' lien. This point, we think, is well taken ; for even if the mortgage debt had not been extinguished by the purchase at the tax sale, we do not see upon what ground these payments could be given a priority over the mechanics' lien. There was no provision in the mortgage providing for the payment of taxes and insurance, and extending the lien of the mortgage over such payments, as is often the case in mortgages ; and, therefore, we do not see how they could acquire any lien in the absence of such provision.

The last ground complains of error in not allowing the plaintiff interest on the balance due on his account. We do not see how this account stands upon any better or higher ground, so far

as the interest is concerned, than any other open account. It was an unliquidated demand, and, therefore, not an interest-bearing demand.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.